IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| McGhee Charles, #60763-004, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> United States of America; ) <br> Ms. M. L. Rivera; ) <br> Mr. Bob Durant; ) <br> Mr. H. Cooper; ) <br> Mr. Q. Frazier; ) <br> individually and in their official capacities; ) <br> ) <br> Defendants. ) <br> _____) | No. 4:12-cv-2542-RMG <br><br><br><br> **ORDER** |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending this Court grant Defendants' motion to dismiss, or in the alternative, motion for summary judgment. (Dkt. No. 74). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

## Background

Plaintiff, a federal prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. § 1346, seeking redress for injuries he sustained when a fellow prisoner at FCI-Estill struck him with a garden rake on May 26, 2011. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this case was automatically referred to a Magistrate Judge for all pretrial proceedings. Subsequently, Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment. (Dkt. No. 41). Plaintiff filed a response in opposition in the motion, (Dkt. No. 72), and Defendants filed a reply, (Dkt. No. 73). Because the parties submitted and referred to matters outside the

1

pleadings, the Magistrate Judge treated the motion as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Magistrate Judge then issued an R&R recommending the Court grant Defendants' motion for summary judgment. (Dkt. No. 74). Plaintiff did not file timely objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record and the R&R, the Court finds that the Magistrate Judge accurately summarized the facts and applicable law and therefore agrees with and adopts the R&R as the order of the Court. The Court agrees with the Magistrate Judge that Defendants are entitled to judgment as a matter of law on Plaintiff's claims under the Eighth Amendment and the Federal Tort Claims Act. Plaintiff has failed to create an issue of fact whether Defendants have violated governing policies or were in any way deliberately indifferent to his safety. Further, the Court agrees that Plaintiff's claim falls within the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a), and therefore the Court lacks jurisdiction over this claim.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 74). Accordingly, the Court GRANTS Defendants' motion for summary judgment. (Dkt. No. 41).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 14, 2013
Charleston, South Carolina